UNITED STATES of America,
Plaintiff-Appellee,

v.

Eugene MORRIS, Defendant-Appellant.

No. 82–1722.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1983.

Decided July 11, 1983.

Kenneth N. Flaxman, Chicago, Ill., for defendant-appellant.

Geraldine R. Fehst, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and CUDAHY, Circuit Judges, and JAMESON, Senior District Judge.[*]

PELL, Circuit Judge.

Defendant was charged with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. Prior to trial defendant moved to suppress oral statements he claimed were made to a Government agent in derogation of his right to counsel. Following a hearing, the trial court denied the motion to suppress and defense counsel's motion to withdraw from further participation in the case. Defendant was convicted during the subsequent jury trial and sentenced to four years of incarceration. Defendant now seeks a reversal with a remand for a new trial, or, in the alternative, a new hearing on the motion to suppress.

*I. Facts.*

The statements the defendant sought to suppress were made during a telephone conversation with FBI agent Lueckenhoff. Defendant's counsel, Federal Defender Steven Knorr, moved to withdraw because he expected to testify during the hearing, but suggested that this motion be held in abeyance pending the outcome of the suppression hearing. During the hearing the court heard conflicting testimony from Knorr, defendant, and Lueckenhoff.

Knorr testified that during May of 1981 he learned that defendant, whom Knorr had previously represented, was the target of an investigation concerning the theft of a truck. Knorr telephoned Lueckenhoff to

inform the agent that defendant had counsel. At the suppression hearing Lueckenhoff denied that Knorr said he would be representing defendant.

Lueckenhoff obtained a warrant for defendant's arrest on July 1. Knorr learned of the arrest warrant the next day and called Lueckenhoff. Lueckenhoff was concerned that Knorr knew of the warrant as defendant was not in custody and might conceal or destroy the truck if he learned of the outstanding warrant. At the suppression hearing Knorr and Lueckenhoff differed over whether obstruction of justice charges were mentioned.

After speaking with Lueckenhoff, Knorr received a telephone call from defendant. Knorr had another attorney from his office eavesdrop on this conversation to avoid any later claims that he counseled defendant improperly. Knorr advised defendant to turn himself in immediately and not to talk to anyone. Knorr reported this conversation to Lueckenhoff, who, allegedly, threatened Knorr with criminal charges. At the hearing Lueckenhoff could not recall discussing criminal charges with Knorr. A similar scenario took place on July 5.

Lueckenhoff interviewed Knorr on July 6 or 17. Lueckenhoff was concerned that Knorr knew about the arrest warrant and wanted to know how Knorr obtained his information. Lueckenhoff mentioned that obstruction of justice charges might be brought against Knorr, but was satisfied with Knorr's explanation and nothing further came of the incident. During the suppression hearing Knorr testified that he had been intimidated by the interview and felt hampered in his representation of defendant.

Defendant ignored Knorr's advice and telephoned Lueckenhoff in response to messages the agent left with defendant's family. Defendant spoke with Lueckenhoff a number of times during the summer before surrendering to Knorr. Defendant claimed that Lueckenhoff denigrated Knorr during

---

[*] William J. Jameson, Senior District Judge for the District of Montana, is sitting by designa- tion.

these conversations and told defendant to surrender to the FBI rather than to Knorr. During one of these conversations defendant asked Lueckenhoff, "Does this involve a truck?" Defendant also asked if returning the truck would help. These were the statements defendant sought to suppress.

The court denied the motion to suppress after finding that defendant initiated the conversations with Lueckenhoff despite Knorr's advice to remain silent. The court also found that the incriminating statements were not the result of the interrogation, but rather were volunteered by defendant. Based on these circumstances the court concluded that the defendant waived any right to counsel during the conversations with Lueckenhoff. The court also concluded that Knorr had not been intimidated by the interview with the FBI to the point at which his representation of defendant was hampered. After the suppression hearing the court considered, and rejected, Knorr's motion to withdraw.

## II. Violation of the Advocate-Witness Rule.

Defendant argued at the pre-trial hearing that suppression of his statements was required because Lueckenhoff had deprived him of counsel by interfering with the attorney-client relationship. Defendant does not now claim that the findings of the court are clearly erroneous, but only that a new hearing is required because the court allowed Knorr to act both as counsel and witness during the hearing.

■ That counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question. *United States v. Johnston,* 690 F.2d 638 (7th Cir.1982) (en banc); *United States v. Birdman,* 602 F.2d 547 (3d Cir.1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980); Model Code of Professional Responsibility DR 5–102. This rule, however, does not render an advocate incompetent as a witness, but merely vests the trial court with discretion to determine whether counsel may appear as a witness without withdrawing from the case. *John-*

*ston,* 690 F.2d at 646; *United States v. Nyman,* 649 F.2d 208, 211 (4th Cir.1980); *Birdman,* 602 F.2d at 556; *United States v. Bates,* 600 F.2d 505, 511 (5th Cir.1979); *United States v. Fiorillo,* 376 F.2d 180, 185 (2d Cir.1967). The issue that confronts us is whether the court abused its discretion by allowing Knorr to appear as defendant's counsel when it was clear that Knorr would also appear as a witness.

We think it significant that the district court did not *require* Knorr to appear in both roles over defendant's objection, but only *allowed* Knorr to appear as advocate and witness by accepting Knorr's own suggestion that the motion to withdraw be held in abeyance during the suppression hearing. Knorr obviously believed that defendant would not be prejudiced by this violation of the advocate-witness rule, and we are hesitant to hold that the district court abused its discretion by accepting Knorr's evaluation of the situation.

■ In exercising its discretion to allow or forbid an attorney also to appear as a witness the court should examine the goals sought to be served by the rule against such dual appearances and determine whether the particular situation confronting the court requires that the testifying attorney withdraw as counsel. The recognized rationales for forbidding counsel to appear as a witness are: (1) it eliminates the possibility that the attorney will not be a fully objective witness, (2) in the case of a Government attorney, the rule eliminates the possibility that the prestige of the Government will artificially enhance the attorney's credibility as a witness, (3) it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments, (4) it reflects a broad concern that the administration of justice not only be fair, but also appear fair, and (5) it prevents a Government attorney, who is "expected to adhere to the highest standards of professional behavior and to be worthy of public trust and confidence" from running "the risk of impeachment or otherwise being found not credible," and thereby

disgracing his office. *Johnston,* 690 F.2d at 642–43; *see also Birdman,* 602 F.2d at 553–55.

Most of these considerations have little weight when defense counsel seeks to testify during a pre-trial suppression hearing. A judge is unlikely to be confused by the dual appearance as advocate and witness. Also, defense counsel's credibility in the eyes of a judge will not be enhanced by his role as counsel. Even the concern with the appearance of justice is more pronounced when "the testifying attorney represents the prosecuting arm of the federal government." *Johnston,* 690 F.2d at 643. Furthermore, the risk that a government agency will be embarrassed by impeachment of a Federal Defender during a suppression hearing, while not nonexistent, is minimal. In short, more flexibility is allowed a court when defense counsel wishes to appear as a witness during a pre-trial hearing.

A concern that does remain is that defense counsel's testimony will be viewed with skepticism because of the implicit partiality of counsel. In this situation defense counsel should withdraw as counsel to remove the possibility that his testimony will be taken with a grain of salt due to his involvement in the case. This concern, however, is not so great that a court abuses its discretion by allowing counsel to appear both as advocate and witness.

■ We are not persuaded that the court abused its discretion by allowing Knorr to proceed as he did. The issue facing the court in the suppression hearing was whether defendant was denied his right to counsel by Lueckenhoff's actions. Principally, this required a factual determination of what transpired between defendant and Lueckenhoff and whether it infected defendant's relationship with Knorr. The court could, and apparently did, determine that defendant voluntarily chose to speak with the FBI agent despite Knorr's advice without discounting Knorr's testimony as not credible. The same is true of Knorr's claim that he was hampered in his representation of defendant by Lueckenhoff's threats of criminal prosecution. Even accepting Knorr's

testimony regarding Lueckenhoff's action it is clear that Knorr did all he could in representing defendant. Knorr advised defendant to remain silent and to surrender. Under the circumstances there is little more Knorr could do for a fugitive client. Furthermore, that defendant surrendered to Knorr rather than to Lueckenhoff and continued to deal with Knorr belies any claim that the attorney-client relationship was ruptured by Lueckenhoff. The court, then, did not find Knorr to be less than credible as a witness and did not, as defendant now claims, thereby deprive defendant of the effective assistance of counsel.

*III. Motion to Withdraw.*

After denying defendant's motion to suppress, the court turned its attention to counsel's request to withdraw. Although the motion suggests a closing-the-barn-door situation, counsel and defendant insisted that there were reasons other than the advocate-witness prohibition that required Knorr's withdrawal from the case. The gist of the motion was that defendant did not trust Knorr for reasons unrelated to the suppression hearing. The court questioned defendant about his relationship with Knorr, and elicited the following:

> The Court: What I'm going to ask you at this point is is there any reason why you object to Mr. Knorr continuing as your counsel in this case?
>
> The Defendant: Yes, sir.
>
> The Court: What is your reason for this objection?
>
> The Defendant: Because I really can't talk to him like I want to, because I feel like the trust is not there.
>
> The Court: When do you feel that came about?
>
> The Defendant: It's always been there, but I haven't said anything about it.

Defendant admitted that not only had he not said anything about his lack of trust to the court, he had not said anything about it to Knorr. The court, finding that Knorr was capable of representing defendant, especially as Federal Defender Galvan had

entered the case to assist Knorr, denied the motion to withdraw. The court did offer defendant a continuance during which he and Knorr could work out their differences, but this offer was rejected. Defendant proceeded to trial the next day represented by Knorr and Galvan.

Denial of a motion for substitution of counsel rests within the discretion of the trial judge. *United States v. Davis,* 604 F.2d 474 (7th Cir.1979); *United States v. Mills,* 597 F.2d 693, 700 (9th Cir.1979). In order to exercise its discretion properly the court must elicit from the defendant the reasons for his objection to counsel, *United States v. Seale,* 461 F.2d 345 (7th Cir.1972), or, when counsel makes known a possible conflict of interests, "take adequate steps to ascertain whether the risk [is] too remote to warrant separate counsel." *Holloway v. Arkansas,* 435 U.S. 475, 484, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an "irreconcilable conflict" that is "so great that it resulted in a total lack of communication preventing an adequate defense," there is no abuse of discretion in denying a motion for new counsel. *United States v. Mills,* 597 F.2d at 700; *United States v. Calabro,* 467 F.2d 973, 986 (2d Cir.1972), *cert. denied,* 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973).

This is not a case of conflict of interests. Knorr represented but one client and articulated no reason why continuing this relationship presented any conflict with another interest. As we have noted, the original basis for Knorr's withdrawal, which was his expected appearance as a witness during the suppression hearing, was moot by the time the court considered the withdrawal motion. The only remaining basis for Knorr's request was defendant's stated distrust of Knorr, a distrust that defendant did not consider important enough to convey to anyone until the day before trial and which had not prevented defendant from surrendering to Knorr and dealing with Knorr until the suppression hearing. This ethereal distrust, which had its roots in some unknown and unspecified past cause, was not sufficient basis for appointing new counsel for defendant.

For the foregoing reasons, the conviction of defendant is AFFIRMED.