**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin C. COLE, Defendant–Appellant.**

**No. 91–3569.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1992.

Decided Feb. 24, 1993.

Darilynn J. Knauss, Asst. U.S. Atty., Peoria, IL, Rodger A. Heaton, Asst. U.S. Atty. (argued), Springfield, IL, for plaintiff-appellee.

Mary E. Gentile (argued), Chicago, IL, for defendant-appellant.

Before MANION and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Kevin C. Cole ("Cole") appeals his conviction for various offenses related to a scheme to defraud investors. In his appeal, Cole challenges the district court's refusal to grant both defense counsel's motion to withdraw and Cole's requests for a continuance and for appointed counsel. Cole also challenges the district court's calculation of his offense level and the resulting sentence under the United States Sentencing Guidelines. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm.

## I.

A 27–count indictment charged Cole with 10 counts of mail fraud in violation of 18 U.S.C. § 1341, 5 counts of money laundering in violation of 18 U.S.C. § 1957(a), 3 counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 9 counts of securities fraud in violation of 15 U.S.C. § 77q(a). All 27 counts related to a scheme in which Cole offered and sold what he represented to be investments bearing a guaranteed rate of return. Unfortunately for the investors, Cole deposited these funds in accounts for his own personal use. When necessary to keep the scheme going, Cole paid out what was purportedly interest and partial withdrawals. Several of these interest and withdrawal payments as well as many of Cole's personal transactions were in amounts in excess of $10,-000.00.

After Cole's indictment, he was arraigned and attorney Cynthia Garwood ("Garwood") entered her appearance on his behalf. After Cole stopped payment on the $1000.00 retainer fee check that he sent Garwood, she wrote him to apprise him of her intention to withdraw from representing him. Cole then sent Garwood a certified check for $700.00 and promised that an

additional $300.00 would be forthcoming. Thereafter, Garwood filed a motion to continue Cole's pretrial hearing, which was granted, though Judge Mihm cautioned that the resulting new trial date was firm. When the $300.00 check that Cole later sent to Garwood was returned due to insufficient funds, she again wrote to inform him that she was filing a motion to withdraw, which she proceeded to do.

Soon thereafter, Cole wrote a letter to the district court requesting a continuance on the grounds that he had discharged Garwood and was seeking substitute counsel, who would be in place no later than June 1, 1991. Judge Mihm conducted a hearing on both Garwood's motion to withdraw and Cole's request for a continuance on May 31, 1991, denying both motions. At the hearing, Judge Mihm also denied Cole's oral request for appointed counsel to replace Garwood. Subsequently, Cole's case proceeded to trial on its scheduled date, with Garwood in place as Cole's counsel.

After trial, the jury convicted Cole on 25 of the counts in his indictment, finding him not guilty on one count of mail fraud (Count 10). One count of securities fraud (Count 27) had been dismissed prior to trial upon the motion of the government. The district court conducted a hearing on Cole's objections to his Presentence Report, and then sentenced him to 152 months of incarceration. In this appeal, Cole is challenging the district court's denial of Garwood's motion to withdraw and Cole's requests for a continuance and for appointed counsel as well as the district court's calculation of Cole's sentence.

## II.

■ Cole first challenges the denial of Garwood's motion to withdraw and Cole's requests for a continuance and for appointed counsel. Employing the analysis used for reviewing a motion for substitution of counsel, this Circuit applies an abuse of discretion standard of review to the denial of a motion to withdraw. *United States v. Morris*, 714 F.2d 669, 672–73 (7th Cir.1983). Abuse of discretion is indeed an appropriate standard of review, as a motion for substitution of counsel necessarily involves the withdrawal of counsel. In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request, but "[u]nless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an 'irreconcilable conflict' that is 'so great that it resulted in a total lack of communication preventing an adequate defense,' there is no abuse of discretion in denying a motion [to withdraw]." *Id.* at 673.

■ This is not a case in which a total lack of communication prevented an adequate defense, nor did either Garwood or Cole make known to the court any possible conflicts of interest. Though Garwood stated in her motion to withdraw that Cole had failed to communicate and cooperate with counsel, the letters that she attached to her motion indicated that her reason for requesting leave to withdraw was the difficulty she was having in collecting her retainer fee. In response to the district court's inquiry, Garwood stated that she had "had several telephone conferences with Mr. Cole" and had "talked to him several times about the case...." (R. 70–4.) These statements indicated that communication continued between Garwood and Cole. Along with the lack of a demonstrated conflict of interest, these statements establish that the district court's denial of Garwood's motion to withdraw was not an abuse of discretion.

■ Cole next challenges the district court's denial of his request for a continuance to retain substitute counsel. A district court's disposition of a motion for a continuance is also reviewed under an abuse of discretion standard. *United States v. Dougherty*, 895 F.2d 399, 405 (7th Cir.1990). The district court acted within its discretion here. Although a district court "may not arbitrarily deny a criminal defendant the right to retain his own counsel ... it [was] not required to allow a last-minute change in counsel to disrupt its schedule." *United States v. Solina*, 733 F.2d 1208, 1211 (7th Cir.), *cert. denied*, 469 U.S. 1039, 105 S.Ct. 519, 83 L.Ed.2d 408 (1984). Cole stated in his request for a

continuance that he would retain substitute counsel no later than June 1. Though the hearing was held on May 31, Cole admitted that he had not succeeded in retaining counsel. The court therefore had no assurance that Cole would retain substitute counsel. In *Solina,* we held that a district court did not abuse its discretion in refusing to grant a continuance for retained counsel to prepare for trial when competent appointed counsel was prepared to go forward with the trial as scheduled. *Id.* Similarly, the district court's refusal to grant a continuance for Cole to seek retained counsel when it knew that Garwood had been making adequate progress toward trial was not an abuse of discretion.

■ Cole's third challenge is to the district court's denial of his request for appointed counsel, made at the May 31 hearing. At the point of Cole's request, the district court was already satisfied that Garwood could adequately represent Cole. Had Cole been indigent, he would only have the right to conflict-free, competent legal representation, not the right to the appointed attorney of his own choice. *United States v. Mitchell,* 788 F.2d 1232, 1236 (7th Cir.1986); *United States v. Ely,* 719 F.2d 902, 904 (7th Cir.1983), *cert. denied,* 465 U.S. 1037, 104 S.Ct. 1313, 79 L.Ed.2d 710 (1984). We can see no reason why the district court should have given Cole, who had chosen Garwood in the first instance, the right to change his representation when that right would not be afforded a defendant who was initially assigned appointed counsel. Therefore, we affirm the district court's refusal to appoint substitute counsel for Cole.

■ As for the Sixth Amendment implications of Cole's claims, this Circuit has held that the Sixth Amendment guarantees the right to counsel whose performance meets the minimum standard of professional representation. *United States v. Berkwitt,* 619 F.2d 649, 658 (7th Cir.1980). Because our review of the record indicates that Garwood's representation of Cole was more than adequate and because no claim for ineffective assistance of counsel has been raised in this appeal, we find no denial of Cole's Sixth Amendment right to counsel.

### III.

Cole's sole objection to his sentence is that the district court erred in determining the amount of money properly attributable to his money-laundering group of offenses, resulting in an improper four-level enhancement of his offense level under the United States Sentencing Guidelines (the "U.S.S.G."). "In reviewing sentences imposed under the Guidelines, we extend considerable deference to the district court's application of the Guidelines to the facts. We will affirm the district court's sentence so long as it results from a proper application of the Guidelines to facts not found to be clearly erroneous." *United States v. Atterson,* 926 F.2d 649, 660 (7th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2909, 115 L.Ed.2d 1072 (1991) (citation omitted).

Cole's offenses had been placed in two groups pursuant to U.S.S.G. § 3D1.2(d)—a fraud group and a money laundering group. Cole argues that the district court improperly used the aggregate amount taken from the victims to enhance both the fraud group and the money laundering group. But that is not what occurred at all. The total amount taken from the victims and used to enhance the fraud group offense level was $679,609.05. (R. 73–42.) This resulted in a ten-level enhancement under U.S.S.G. § 2F1.1(b)(1)(K) and a sentence of 120 months, to run concurrently with Cole's 152–month sentence for money laundering.

The court went on to find that $88,438.72 had been laundered as purported interest and partial withdrawal payments in furtherance of the scheme. *Id.* at 43. These payments are actionable under 18 U.S.C. § 1956(a)(1)(A) (the "§ 1956 offenses").[1] Had those payments been Cole's only money laundering offenses, as Cole has asserted on appeal (Appellant's Br. 25), the four-level enhancement he objects to would have been incorrect. However, Cole's argument on appeal overlooks his other money laun-

---

1. 18 U.S.C. § 1956(a)(1)(A) reaches transactions made "with the intent to promote the carrying on of specified unlawful activity...."

dering group offenses. Cole made a large number of transactions with his ill-gotten gains that were in excess of $10,000.00. These transactions are actionable under 18 U.S.C. § 1957(a) (the "§ 1957 offenses")[2] and must be included in Cole's money laundering group pursuant to U.S.S.G. § 3D1.2(d).

This Circuit has already determined that amounts involved in grouped offenses should be aggregated when they "were part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. White*, 888 F.2d 490, 497 (7th Cir.1989), quoting U.S.S.G. § 1B1.3(a)(2). The purported interest and partial withdrawal payments as well as the transactions in excess of $10,-000.00 were clearly undertaken as part of a common scheme to defraud investors. Thus, aggregation of the amounts involved in both the § 1956 and the § 1957 offenses was appropriate.

Cole's § 1957 offenses involved $857,-263.25 in transactions that had not already been included in the § 1956 offenses.[3] When added to the $88,438.72 involved in the § 1956 offenses, the total amount attributable to Cole's money laundering group of offenses was $941,701.97—an amount for which a four-level enhancement under U.S.S.G. § 2S1.1(b)(2)(E) was appropriate.[4] Thus, the district court committed no error.

## IV.

In accordance with this opinion, Cole's conviction and the resulting sentence are both Affirmed.

---

**2.** 18 U.S.C. § 1957(a) reaches transactions "in criminally derived property that is of a value greater than $10,000...."

**3.** The transactions actionable under § 1957 amounted to $917,448.53—a figure Cole does not dispute. The government agreed to eliminate three of these transactions, in the amounts of $15,575.00, $20,000.00, and $24,610.28, because they had already been included under § 1956. R. 60–39, –40.

**4.** Cole's § 1956 and § 1957 offenses are analyzed under different guidelines, U.S.S.G. § 2S1.1 and U.S.S.G. § 2S1.2, respectively. When this situation arises, U.S.S.G. § 3D1.3(b) requires that the court should "apply the guideline that produces the highest offense level." Because U.S.S.G. § 2S1.1 yields the highest offense level, it must be applied—a conclusion that Cole concedes in his brief. Appellant's Br. 27.