52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Nathaniel HARRELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3189.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 11, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Nathaniel Harrell appeals the district court's denial of his motion for post-conviction relief under 28 U.S.C. Sec. 2255 based on his allegations of ineffective assistance of counsel. He claims that his court-appointed attorney filed a pretrial motion to withdraw which the attorney knew was insufficient and too unspecific. Harrell also argues that his attorney misled him to believe that he could not challenge the magistrate judge's denial of the motion to withdraw. We affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 Harrell was indicted on charges of committing three separate bank robberies in Milwaukee in violation of 18 U.S.C. Sec. 2113(a). On June 11, 1991, Harrell's court-appointed attorney Thomas E. Hayes filed a pretrial motion to withdraw as counsel. In an attached affidavit, Hayes submitted only the following sparsely-worded explanation:
 
 
 3
 Mr. Harrell feels that [Hayes] is not acting in Mr. Harrell's best interests and Mr. Harrell feels that the attorney-client relationship has deteriorated to the extent that Mr. Harrell would be deprived [of] his Constitutional rights if [Hayes] is not permitted to withdraw and Mr. Harrell was forced to continue his defense with [Hayes] as Mr. Harrell's attorney.
 
 
 4
 (R. 21, Aff. in Support of Motion to Withdraw, at 1.) Without holding a hearing or engaging in any further inquiry, Magistrate Judge Robert L. Bittner denied the motion the following day, noting in his order only that "[an] [i]ndigent defendant cannot pick [and] choose counsel." At Harrell's arraignment and plea hearing two days later, the magistrate judge told Hayes why he denied the motion to withdraw:
 
 
 5
 [I]n [the] absence of a showing with specificity as to something wrong, why there's no way that an indigent defendant can do that. So this Court has appointed you. The Court finds nothing wrong with your representation of this defendant, and it will continue.
 
 
 6
 (Tr. of Arraignment and Plea of 6/14/91, at 8.)
 
 
 7
 Hayes continued to represent Harrell through the ensuing bench trial. Judge Stadtmueller found Harrell guilty of three counts of bank robbery and sentenced him to concurrent terms of 145 months' imprisonment on each count followed by five years of supervised release. We affirmed his conviction on direct appeal.
 
 
 8
 In August 1993, Harrell filed a motion to vacate, set aside, correct and/or reduce sentence under 28 U.S.C. Sec. 2255, claiming that defense counsel rendered ineffective assistance by (1) failing to specify in his motion to withdraw the reasons for his deteriorating relationship with Harrell, and by (2) misleading Harrell to believe that he could not object to the magistrate judge's denial of the motion to withdraw. As a second ground for relief, Harrell cited only "Lack of Federal Jurisdiction."
 
 
 9
 The district court denied Harrell's Sec. 2255 motion. In rejecting Harrell's ineffective assistance claim, the court concluded that Hayes' representation was not deficient "in any manner," and Hayes' performance at trial did not "in any way harm[ ]" Harrell. The court also held that it had jurisdiction over this action.[1] Harrell appeals.
 
 DISCUSSION
 
 10
 On appeal, Harrell argues that the district court erred in denying his Sec. 2255 motion because his court-appointed attorney rendered ineffective assistance of counsel at the pretrial stage. Harrell contends that attorney Hayes submitted a motion to withdraw which Hayes knew was inadequate and unsupported. Harrell argues in his reply brief, for instance, that Hayes "conspired not to let the court know why the Petitioner-Appellant felt that counsel was not in Petitioner-Appellant['s] best interest and why the relationship has deteriorated."[2] (Reply Brief, at 6.) If counsel had drafted the motion to withdraw with greater specificity, Harrell adds, the result of the proceeding would have been different. Id. Harrell also accuses Hayes of misleading him to believe that he had no recourse to challenge the magistrate judge's denial of the motion to withdraw.[3]
 
 
 11
 Section 2255 is a substitute for habeas corpus and, like habeas corpus, is limited to "correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir.1993). In reviewing the district court's denial of Harrell's Sec. 2255 motion, we review all factual determinations for clear error and consider all questions of law de novo. Granada v. United States, No. 94-2987, slip op. at 2 (7th Cir. March 23, 1995).
 
 
 12
 To establish that his attorney's performance was constitutionally ineffective, Harrell must demonstrate that counsel was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls below "an objective standard of reasonableness" based on "prevailing professional norms." Id. at 688. Harrell must overcome a strong presumption that his counsel provided competent representation. Id. at 689. Prejudice exists when counsel's deficient performance renders the outcome of the trial unreliable or the proceeding unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 13
 An indigent defendant only has the right to competent, conflict-free representation, not the right to the appointed attorney of his or her own choice. United States v. Cole, 988 F.2d 681, 684 (7th Cir.1993). Conflicts between attorney and client justify the grant of an attorney's motion to withdraw only when " 'counsel and defendant are so at odds as to prevent presentation of an adequate defense.' " United States v. Morrison, 946 F.2d 484, 498 (7th Cir.1991) (quoting United States v. Hillsberg, 812 F.2d 328, 333 (7th Cir.1987)). While Harrell may have been dissatisfied with his attorney's representation at the pretrial stage, he has not explained how his "deteriorated" relationship with Hayes hampered or prevented Hayes from adequately defending him at trial. The court's denial of Hayes' motion to withdraw harmed Harrell only if it resulted in a violation of Harrell's Sixth Amendment right. Bae v. Peters, 950 F.2d 469, 477 (7th Cir.1991); Morrison, 946 F.2d at 499.
 
 
 14
 Harrell has not alleged any deficiencies in Hayes' performance at trial that "rendered the result unreliable or the proceeding fundamentally unfair." Lockhart, 113 S.Ct. at 844 (1993). The record reveals that attorney Hayes filed and litigated a pretrial motion to suppress identification of Harrell as the bank robber. Hayes filed and argued a pretrial motion in limine seeking to admit evidence of a similar bank robbery, perpetrated apparently by another individual, in order to show that Harrell was mistakenly identified as the offender in this case. Hayes delivered an opening statement at trial; rigorously cross-examined government witnesses; moved to dismiss the charges after the government had rested; called and examined a series of defense witnesses; and gave a coherent closing argument. We thus conclude, as did the district court, that Hayes' performance fell within the range of competence demanded of criminal law attorneys, and did not constitute ineffective assistance.
 
 
 15
 We also cannot conclude that Harrell was prejudiced by Hayes' representation. The indictment charged Harrell with three robberies. Six bank tellers from these robberies identified Harrell as the offender. Even Harrell's own niece testified that she had recognized Harrell on a Milwaukee television news broadcast as the man in a bank surveillance photograph from the first robbery. In light of the government's formidable case, we are unable to conclude that "but for" Hayes' alleged deficiencies, the outcome of the proceeding would have been different.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Harrell has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Harrell does not challenge this ruling on appeal
 
 
 [2]
 Harrell elaborates on this conspiracy: "[T]he Court, profoundly involved with subterranean governmental entities in a conspiracy to subordinate the Constitution to a massive racial-Containment Agenda functioning against the Human-Rights and Fundamental Freedoms of Black People, denied this Attorney's Motion to withdraw." (Reply Brief, at 4.)
 
 
 [3]
 Harrell also contends on appeal, for the first time, that the magistrate judge violated Harrell's right to counsel by failing to inquire into the basis for his objection to Hayes' representation. Had the magistrate judge allowed him the opportunity to explain why his relationship with counsel had deteriorated, Harrell asserts, the "result of the proceeding would have been different." (Harrell's Brief, at 4.) We note that Harrell waived this argument by failing to raise it in his Sec. 2255 motion before the district court. See Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991). Even if the magistrate judge had somehow abused his discretion in denying the motion to withdraw, reversal is not warranted because Harrell failed to establish that his attorney's performance was deficient and that he suffered prejudice as a result of that deficiency. See United States v. Durman, 30 F.3d 803, 813 (7th Cir.1994), cert. denied, 115 S.Ct. 921 (1995)