**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Misael I. FLORES–FLORES, Defendant–Appellant.**

No. 01–3687.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002.

Decided July 25, 2002.

Before BAUER, RIPPLE, and MANION, Circuit Judges.

## ORDER

In December 1998 Misael I. Flores–Flores was deported to Mexico following his conviction in Indiana state court for dealing in marijuana. In June 2001 a jury convicted Mr. Flores–Flores of being in the United States without permission following an aggravated felony, 8 U.S.C. § 1326(a), (b)(2), and he was sentenced to 115 months' imprisonment, three years of supervised release, a $1000 fine, and a $100 special assessment. Mr. Flores–Flores' counsel filed a notice of appeal, but because he could not discern a non-frivolous issue for appeal he now moves to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Flores–Flores was notified of his counsel's motion, *see* Cir. R. 51(b), and has filed a *response* raising additional issues. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues raised in the brief and Mr. Flores–Flores' response. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we conclude that the potential issues raised by counsel and Mr. Flores–Flores are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

First, counsel discusses whether Mr. Flores–Flores could argue that the district court erred in denying his motion for a change of venue. Mr. Flores–Flores

argued for a transfer of venue to Florida, alleging that he was subjected to hostile and racist treatment while in prison in Indiana. In order to succeed on his motion, Mr. Flores–Flores needed to show that he could not obtain a fair and impartial trial within the Southern District of Indiana. *United States v. Jordan,* 223 F.3d 676, 685–86 (7th Cir.2000). The decision of whether to transfer venue is committed to the sound discretion of the district court, *see id.,* and the district court did not abuse its discretion in concluding that Mr. Flores–Flores' allegations regarding his treatment within the prison failed to demonstrate that he could not receive a fair and impartial trial within the district, *see id.* at 686. Therefore, we agree that an appeal on this issue would be frivolous.

■ Second, counsel discusses whether Mr. Flores–Flores could argue that the district court erred in denying his motion to dismiss his indictment on the grounds of selective prosecution and the government's failure to comply with the Vienna Convention on Consular Relations. Mr. Flores–Flores argued that he was selectively prosecuted because he was Mexican, but in order to show that he was selectively prosecuted he needed to show that other similarly situated individuals were not prosecuted, and that his prosecution was motivated by discrimination. *United States v. Alanis,* 265 F.3d 576, 585 (7th Cir.2001); *United States v. Hayes,* 236 F.3d 891, 895 (7th Cir.2001). He made no showing of either; therefore, he could not have succeeded on this ground. Mr. Flores–Flores also argued that his indictment should be dismissed because, in violation of the Vienna Convention, he was not informed at the time of his arrest that he could contact the Mexican consulate. It is undecided whether individuals can even assert individual rights under the Vienna Convention. *United States v. La-*

*wal,* 231 F.3d 1045, 1048 (7th Cir.2000); *United States v. Chaparro–Alcantara,* 226 F.3d 616, 621 (7th Cir.2000). Even if Mr. Flores–Flores could assert a right under the Vienna Convention, however, the remedy would not have been to dismiss the indictment against him. *See Lawal,* 231 F.3d at 1048; *Chaparro–Alcantara,* 226 F.3d at 621. Therefore, we agree that an appeal on this issue would be frivolous.

Third, counsel discusses whether Mr. Flores–Flores could argue that the district court erred in denying his motion on the day of trial to dismiss his third court-appointed attorney. Between November 2000 and January 2001, Mr. Flores–Flores' first two appointed attorneys each moved to withdraw on the grounds that Mr. Flores–Flores was being hostile toward them, would not cooperate with them, and expressed to them that he did not want their representation. In January the court appointed a third attorney to represent Mr. Flores–Flores. In June, on the first day of trial, Mr. Flores–Flores informed the court that he wanted his counsel dismissed. Mr. Flores–Flores' explained to the court that his counsel did not contact the Mexican consulate as he requested, refused to subpoena a number of witnesses he requested, and was not an immigration lawyer. Counsel informed the court that he did contact the Mexican consulate but that they refused to get involved, and that, after discussing the potential witnesses with Mr. Flores–Flores, he decided not to subpoena them because they would not have helped his case. The district court denied the request after concluding that Mr. Flores–Flores' reasons were inadequate, his request came too late and was a delay tactic, and that the witnesses he wanted to subpoena would not have helped his case.

■ We review a decision to deny a new-attorney request for abuse of discre-

tion, *United States v. Golden*, 102 F.3d 936, 940 (7th Cir.1996), and consider such factors as the timeliness of the request, the adequacy of the court's inquiry into the reasons for the request, and whether the difficulty between the defendant and counsel resulted in a lack of communication that would prevent an adequate defense, *id.* at 941; *United States v. Zillges*, 978 F.2d 369, 372 (7th Cir.1992). In this case, the defendant's request came on the first day of trial, the district court adequately gave Mr. Flores–Flores time to explain his reasons and found them to be illegitimate, and also concluded that counsel could still adequately represent Mr. Flores–Flores. Given these circumstances, we agree that an appeal on this issue would be frivolous. *Golden*, 102 F.3d at 941–44.

▮ Fourth, counsel discusses whether Mr. Flores–Flores could argue that the district court erred in denying his request for an interpreter at sentencing. District courts have discretion to appoint an interpreter in order to enable defendants to comprehend the proceedings and to communicate effectively with counsel. *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir.2001). In denying Mr. Flores–Flores' request, the district court pointed out that during all of the proceedings thus far (and in his previous state court proceedings in 1998) Mr. Flores–Flores did not need an interpreter; that he testified in English without difficulty; and that he communicated with the court and his counsel on a number of occasions in English. Therefore, the district court had adequate grounds on which to conclude that Mr. Flores–Flores did not need an interpreter and did not abuse its discretion in denying his request. *See id.* We agree that an appeal on this issue would be frivolous.

Finally, counsel discusses whether Mr. Flores–Flores could argue that the district court erred in sentencing him under the guidelines. Mr. Flores–Flores, sentenced under the 2000 Sentencing Guidelines, had a base offense level of 8, U.S.S.G. § 2L1.2(a), which was increased by an additional 16 levels because his conviction in 1998 was an aggravated felony, § 2L1.2(b)(1)(A). His offense level of 24, along with his criminal-history category of V, put him in a sentencing range of 92 to 115 months' imprisonment. Therefore, Mr. Flores–Flores' sentence of 115 months' imprisonment was within the prescribed guideline range. In addition, we note that we lack jurisdiction to review the district court's discretionary decision not to depart downward from the guideline range because the district court understood that it had the authority to do so. *United States v. Atkinson*, 259 F.3d 648, 652–53 (7th Cir.2001). Therefore, we agree that an appeal on this issue would be frivolous.

In his response, Mr. Flores–Flores raises two additional issues. First, he argues that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); although, he does not specify *why* he believes his sentence violates *Apprendi*. But, in any event, there was no fact that increased his sentence beyond the statutory maximum that should have been submitted to the jury. If Mr. Flores–Flores' is arguing that it is the fact of his prior conviction that constitutes the *Apprendi* violation, we have repeatedly rejected that argument. *See, e.g., Dahler v. United States*, 259 F.3d 763, 765–66 (7th Cir.2001); *United States v. Brough*, 243 F.3d 1078, 1081 (7th Cir.2001). Second, Mr. Flores–Flores contends that his speedy-trial rights were violated. Mr. Flores–Flores, however, explicitly waived those rights at his first hearing. Therefore, an appeal on these issues would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.