THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANDRE HAMILTON, Defendant-Appellant.

Fourth District   No. 4—89—0419

Opinion filed March 8, 1990.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Following a bench trial in the circuit court of Livingston County, defendant Andre Hamilton was found guilty but mentally ill on two

counts of the felony offense of aggravated battery. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—4(b)(6), (e).) The circuit court sentenced defendant to an extended nine-year term of imprisonment. Defendant now appeals.

This case arose out of an incident at the Pontiac Correctional Center on July 6, 1988. Defendant contacted a guard with a request for nonemergency medical attention during his evening cell count. The guard called in the request after the cell count had been completed. He then returned to the cell of defendant, and defendant threw a hot solution of caustic liquid at the guard. The guard suffered serious burns on his head with permanent damage to his vision as a result of the attack.

The sole issue on review is whether defendant was denied effective assistance of legal counsel at trial. We affirm.

■ A defendant has the right to effective assistance of counsel in State criminal proceedings. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.) "Effective assistance means competent, but not perfect and successful, representation." *People v. Montgomery* (1986), 141 Ill. App. 3d 428, 435, 490 N.E.2d 206, 211, *cert. denied* (1986), 479 U.S. 866, 93 L. Ed. 2d 151, 107 S. Ct. 224.

■ Illinois employs a two-prong test for determining the competency of legal counsel. (*People v. Albanese* (1984), 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246, 1255-56.) Under this test, a defendant bears the burden of proving his case was so seriously prejudiced by the deficient conduct of counsel that a just result was not produced at trial. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) Such a determination will take the totality of the circumstances into account to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

Defendant contends legal counsel prejudiced his case by switching the defense strategy from insanity to mental illness at trial. In effect, he argues counsel conceded to the prosecution on the issue of insanity without first subjecting his case to critical adversarial testing. *United States v. Cronic* (1984), 466 U.S. 648, 656-57, 80 L. Ed. 2d 657, 666, 104 S. Ct. 2039, 2045; see also *People v. Hattery* (1985), 109 Ill. 2d 449, 488 N.E.2d 513.

■ The facts in this case do not show legal counsel failed to subject his case to critical adversarial testing at trial. "Errors in judgment, discretion, tactics or trial strategy do not establish incompetence." (*People v. Smith* (1988), 172 Ill. App. 3d 94, 111, 526 N.E.2d 849, 859.) The record shows counsel took affirmative action to build a

case for defendant. He initiated an investigation into the mental health of defendant prior to trial. Defendant was evaluated as suffering from a paranoid type of chronic schizophrenia, but there was no psychological evidence he "lack[ed] substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law" at the time of the incident. (Ill. Rev. Stat. 1987, ch. 38, par. 6—2(a).) Given this unfavorable psychological evaluation, legal counsel could not have developed a successful insanity defense at trial. Counsel acted in the best interests of defendant in switching to the ultimately viable mental illness defense. See Ill. Rev. Stat. 1987, ch. 38, par. 115—3(c).

Defendant, under the circumstances in this case, was not denied the effective assistance of legal counsel at trial. We affirm the judgment of the circuit court of Livingston County.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.