FLAUM, Circuit Judge.
 

 The defendant Zillges was convicted of a number of controlled substance offenses stemming from his involvement in a drug conspiracy that distributed cocaine and marijuana. He appeals on the ground that he was deprived of his Sixth Amendment right to effective assistance of counsel because of the district court’s failure to conduct a proper inquiry on his motion for substitution of counsel. We affirm.
 

 I.
 

 On March 22, 1988, a federal grand jury for the Eastern District of Wisconsin returned a fourteen-count indictment against Jerome Zillges and seven co-defendants alleging conspiracy to distribute cocaine and marijuana, as well as other offenses related to the distribution and possession of narcotics. Zillges was charged in eight of the fourteen counts of the indictment. On May 24, 1988, Zillges, represented by attorney Daniel Linehan, pleaded guilty to a charge of possession with intent to distribute cocaine.
 

 On January 5, 1989, attorney Nila Robinson, on behalf of Zillges, filed a motion for substitution of counsel and a motion for leave to withdraw the guilty plea. Defendant’s supporting affidavits asserted,
 
 inter alia,
 
 that his first attorney suffered from an addiction to alcohol and cocaine which impaired the effectiveness of his representation of Zillges. Subsequent to a hearing on August 8, 1989, the district court allowed Zillges to withdraw his guilty plea.
 
 *371
 
 At that time the court also set September 19, 1989 as the trial date.
 

 On August 15, 1989, the district court received a letter from Zillges elaborating a number of objections to Robinson, his retained counsel, and requesting that new counsel be appointed. The district court did not respond to this letter until the opening of the trial on September 19, when it engaged the defendant and his counsel in two brief colloquies. The initial conversation occurred prior to the
 
 voir dire:
 

 DEFENDANT: Did you receive my letter, Your Honor?
 

 THE COURT: Did Í read your letter?
 

 DEFENDANT: Yes.
 

 THE COURT: Yes. It was received on August 15th. It was a two page letter. I have it here before me. You want to say anything more about it?
 

 DEFENDANT: Did you, well, I was just wondering what you thought of it?
 

 THE COURT: Well, what I thought about it is that your case is scheduled for trial today and it’s going to go to trial. (Tr. a.m. 4-5).
 

 The second colloquy with the court occurred outside the presence of the jury in the afternoon after Zillges and his counsel had discussed his concerns:
 

 MS. ROBINSON: I have talked to him about that matter as well and he may be somewhat reassured about my interest in him, my interest in this case. I can tell the Court that I am prepared to try it today, but I recognize that if Mr. Zillges has a strong preference for not having me try it, that is something the Court may want to give weight to.
 

 THE COURT: Mr. Zillges, do you want to say anything more about this situation?
 

 DEFENDANT: She reassured me that she is ready, Your Honor, and that was one of my main concerns.
 

 THE COURT: Okay. Is there anything more that you want to say about this?
 

 DEFENDANT: No, that’s what my whole—
 

 MS. ROBINSON: This is between the Court and you, Jerry. This is not something I can take up.
 

 DEFENDANT: .No, that was my main concern, Your Honor, because of the things that were said, and she reassured me that she is prepared and that she’s ready to go.
 

 THE COURT: All right. Well, I’m certainly satisfied that Ms. Robinson is a competent attorney and from every appearance that she has given me in this case a very competent attorney, is ready to proceed to represent the interests of Mr. Zillges here. I would without reciting the long history of this case be very reluctant to allow Ms. Robinson to get out of this case at this time even if you were not satisfied. It appears that you are satisfied now and ready to proceed with Ms. Robinson. But • even if you were not, considering the history of this case, it would be very unlikely that I would permit Ms. Robinson to withdraw. (Tr. p.m. 4-5).
 

 Upon the conclusion of this second colloquy the case proceeded to trial. Zillges was convicted on seven of the eight counts, and the trial court sentenced him to twenty years on October 2, 1989.
 

 II.
 

 Zillges contends on appeal that the district court’s failure to conduct a proper inquiry into his request for new counsel constitutes reversible error. Provided that a defendant has been given the opportunity to explain the reasons behind his request, the denial of a motion for substitution of counsel is reviewable only for an abuse of discretion.
 
 United States v. Horton,
 
 845 F.2d 1414, 1417 (7th Cir. 1988);
 
 United States v. Hillsberg,
 
 812 F.2d 328, 333 (7th Cir.),
 
 cert. denied,
 
 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987).
 

 That such an inquiry must take place derives from the law governing motions for substitution of counsel.
 

 When, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter. If the reasons are made known to the court, the court may rule without more.
 
 *372
 
 If no reasons are stated, the court then has a duty to inquire into the basis for the client’s objection to counsel and should withhold a ruling until reasons are made known.
 

 United States v. Seale,
 
 461 F.2d 345, 359 (7th Cir.1972), (quoting
 
 Brown v. United States,
 
 264 F.2d 363, 368 (D.C.Cir.)
 
 (en
 
 banc) (Burger, J., concurring in part),
 
 cert. denied
 
 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959)). Implicit in this reasoning is that a court faced with a nonspecific substitution motion must make a proper inquiry and a ruling.
 

 In determining whether a denial of a motion for substitution of counsel constitutes an abuse of discretion, this court should consider several factors, including the timeliness of the motion, the adequacy of the court’s inquiry into the defendant’s motion, and whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense.
 
 United States v. Allen,
 
 789 F.2d 90, 92 (1st Cir.),
 
 cert. denied, Allen v. United States,
 
 479 U.S. 846, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986);
 
 United States v. Mills,
 
 597 F.2d 693, 700 (9th Cir.1979).
 
 See also United States v. Morris,
 
 714 F.2d 669 (7th Cir. 1983).
 

 With respect to timeliness, the district court received Zillges’s letter on August 15, 1989, more than a month prior to the scheduled trial date. Thus, we cannot say that his complaint represents a tactic to secure a continuance on the eve of trial. A second consideration is the adequacy of the district court’s inquiry. Unless the complaint underlying a request for substitution of counsel is sufficiently detailed, the court may not rule on the motion “without conducting a proper hearing at which both attorney and client testify as to the nature of their conflict.”
 
 United States v. Morrison,
 
 946 F.2d 484, 499 (7th Cir.1991). Accordingly, the courts of appeals have held that “the district court must engage in at least some inquiry as to the reasons for the defendant’s dissatisfaction with his existing attorney.”
 
 McMahon v. Fulcomer,
 
 821 F.2d 934, 942 (3d Cir.1987) (quoting
 
 United States v. Welty,
 
 674 F.2d 185, 187 (3d Cir. 1982));
 
 see also Allen,
 
 789 F.2d at 92;
 
 Thomas v. Wainwright,
 
 767 F.2d 738, 741 (11th Cir.1985);
 
 Morris,
 
 714 F.2d at 673;
 
 Mills,
 
 597 F.2d at 699;
 
 United States v. Morrissey,
 
 461 F.2d 666, 670 (2d Cir.1972).
 

 Although the district court did engage in an initial inquiry into Zillges’s complaint, the court sought to elicit a general expression of satisfaction on the part of Zillges with his trial counsel rather than reasons for his dissatisfaction with counsel.
 
 [1]
 
 In this instance the district court was obliged to make a more thorough investigation of the apparent conflict between the defendant and his attorney in order to protect the integrity of Zillges’s Sixth Amendment right to counsel. Given the lack of detail in 'Zillges’s complaint, the absence of a more thorough inquiry by the district court constitutes an abuse of discretion.
 

 Defendant argues that if an abuse of discretion is found, his conviction should be reversed. We take a different view.. The denial of a motion for substitution of counsel will be upheld, despite an abuse of discretion, if the district court’s error was harmless.
 
 See Morrison,
 
 946 F.2d at 499. Under
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an error is harmless if it does not result in a violation of a defendant’s Sixth Amendment right to effective assistance of counsel. Thus, if a defendant is still afforded effective representation, an erroneous denial of a substitution motion is not prejudicial. By analogy, a district court’s failure to conduct a sufficient inquiry into a substitution motion does not constitute reversible error unless it resulted in a denial of this Sixth Amendment right. Accordingly, in order to establish prejudice, Zillges must demonstrate that the- performance of his
 
 *373
 
 attorney was not “within the range of competence demanded of attorneys in criminal eases,”
 
 Id.,
 
 466 U.S. at 687, 104 S.Ct. at 2064, and that “but for” counsel’s deficiencies, “the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. at 2068.
 

 In his correspondence with the district court, Zillges asserted that his attorney Robinson would not provide him with effective representation at trial because she had not spent enough time preparing his case, had declined to interview his witnesses, and had refused to meet with an investigator Zillges had hired. The gravamen of his allegations is that counsel refused to completely prepare his defense because she had not been paid.
 

 These contentions by Zillges are serious since defense attorneys have “a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.”
 
 Id.
 
 at 690-91, 104 S.Ct. at 2066. Therefore, inaction by counsel would be excused only if she has made a “rational decision that investigation is unnecessary.”
 
 Crisp v. Duckworth,
 
 743 F.2d 580, 583 (7th Cir. 1984),
 
 cert. denied,
 
 469 U.S. 1226, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985). However, if any error or failure to investigate on the part of defendant’s counsel was not prejudicial, there would be no Sixth Amendment violation.
 

 The test for evaluating prejudice is whether there is a “reasonable probability” that the performance of defendant’s attorney affected the trial’s outcome.
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. at 2068;
 
 Montgomery v. Petersen,
 
 846 F.2d 407, 414 (7th Cir.1988). Zillges cannot meet his burden of showing prejudice under
 
 Strickland
 
 “without a comprehensive showing” of what the investigations would have produced.
 
 United States ex rel. Cross v. De-Robertis,
 
 811 F.2d 1008, 1016 (7th Cir. 1987);
 
 United States v. Giangrosso,
 
 779 F.2d 376, 381 (7th Cir.1985). Because Zillges has failed to identify the names of any witnesses who should have been called to testify, and to detail specifically what any investigations may have produced, we have difficulty characterizing counsel’s actions as a failure to investigate. Moreover, the proceedings contradict Zillges’s assertions that he-did not receive effective assistance of counsel. The record reveals that his counsel did in fact call a defense witness, filed motions and jury instructions, engaged in aggressive cross-examination of the government witnesses, and made coherent arguments on behalf of the defendant.
 
 [2]
 
 Consequently, we are unable to conclude that counsel’s representation of Zillges was ineffective.
 

 For the foregoing reasons, the conviction of the defendant is Affirmed.
 

 [1]
 

 . The government argues that Zillges effectively withdrew his substitution request after the second colloquy on September 19.
 
 See supra
 
 at 371. While his comments may be interpreted as a concession that his complaint would not be recognized, they no more conclusively establish that he withdrew his motion than the district court’s final statement in the first colloquy,
 
 see supra
 
 at 370-71, constitutes a definitive ruling on the merits of that motion.
 

 [2]
 

 . Furthermore, the district court noted that Robinson had performed in a competent manner and was "up to speed on the case.” (Tr. p.m. 5).