165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. WILLIAMS, Defendant-Appellant.
 No. 98-1302.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998*.
Decided Nov. 9, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97-CR-163-001. J.P. Stadtmueller, Chief Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Robert Williams was found guilty by a jury of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to sixty-six months in prison and ordered to pay a $1,000 fine. Williams appeals. His appellate counsel seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he considers an appeal to be without merit or possibility of success. Williams was notified of his counsel's Anders motion pursuant to Circuit Rule 51(a) and filed a response asserting that his trial counsel was constitutionally ineffective. The Anders brief is adequate on its face, and so we limit our review of the record to those potential issues identified in the brief and the response. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). Williams's attorney outlines five possible challenges to Williams's conviction and sentence, including the one Williams presents in his response, and explains why none of them have merit. We grant counsel's motion to withdraw and dismiss the appeal.
 
 Possible Challenges to the Conviction
 
 2
 Williams filed only two pre-trial motions, a motion to dismiss the indictment and a motion to substitute attorneys. Any challenge to the conviction based on the denial of the first motion plainly would be frivolous. Williams argued in his motion to dismiss the indictment that 18 U.S.C. § 922(g) is unconstitutional because Congress lacked authority under the Commerce Clause to enact the statute. In the wake of United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), we have affirmed on several occasions that Congress had authority under the Commerce Clause to pass § 922(g), which by its own terms requires proof that the firearm possessed was "in or affecting" interstate commerce. See United States v. Bell, 70 F.3d 495, 498 (7th Cir.1995); see also United States v. Williams, 128 F.3d 1128, 1133-34 (7th Cir.1997) (collecting cases).
 
 
 3
 A challenge to Williams's conviction based on the denial of his pre-trial request to substitute attorneys would also be frivolous. So long as a defendant has had the chance to explain to the court the reasons why he requested new counsel, we review the court's decision to deny that request only for abuse of discretion. United States v. Golden, 102 F.3d 936, 940 (7th Cir.1996). We look to several factors, including the timeliness of the request, the adequacy of the court's inquiry into the request, and whether the difficulty between the defendant and counsel was "so great that it resulted in a total lack of communication preventing an adequate defense." Id. at 941 (quoting United States v. Zillges, 978 F.2d 369, 372 (7th Cir.1992)). Here, the motion to substitute counsel was made six days before trial started. The district court's inquiry into Williams' reasons for the request was terse, but it adequately afforded Williams an opportunity to explain his reasons. Williams' principal complaint was that his lawyer would not file a motion that the district court found meritless (Williams sent a copy to the judge anyway). The court found that counsel's refusal to file the motion was not a good reason to appoint new counsel. Finally, although the level of communication between Williams and his lawyer was evidently marked by some distrust, it did not rise to "a total lack of communication" that prevented an adequate defense. Thus, we would find no abuse of discretion in the district court's refusal to substitute counsel.[1]
 
 
 4
 The last possible challenge to the conviction is insufficient evidence to convict. Williams would face a "nearly insurmountable hurdle" in bringing such a challenge: in reviewing the sufficiency of the evidence, the court "overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." United States v. Hickok, 77 F.3d 992, 1002 (7th Cir.1996) (internal quotation marks and citations omitted). Here, the government presented ample evidence of the three elements of the charged crime: that Williams had a prior felony conviction (the parties stipulated to this); that he knowingly possessed the firearm (it was found in his car, and Williams admitted that he carried it for protection); and that the firearm had traveled in interstate commerce (it was made in Ohio, while Williams possessed it in Wisconsin). A challenge based on insufficiency of the evidence would be frivolous.
 
 Possible Challenges to the Sentence
 
 5
 Williams's trial attorney made two objections to the sentence calculation under the federal Sentencing Guidelines, arguing that Williams should not have received two criminal history points for a 1992 battery conviction, or one criminal history point for violating a municipal ordinance against carrying a concealed weapon. Both objections were meritless, and it would be frivolous for Williams to assert the denial of either as a ground for appeal. Although Williams initially was sentenced only to probation for the 1992 battery, his probation was revoked and he served nine months in prison, requiring the imposition of two criminal history points under U.S.S.G. § 4A1.1(b). Concerning the violation of the municipal ordinance prohibiting carrying a concealed weapon, Williams protested to the district court that he did not really violate the ordinance because he was only carrying a steak knife in his car. Of course, that argument should have been raised in an appeal of the ordinance violation: it cannot be addressed in the sentencing proceeding for a different crime. As the conviction was of record and unreversed, the district court properly gave it one point under U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(1). See United States v. Redding, 104 F.3d 96, 99 (7th Cir.1996). Thus, the potential sentencing issues raised by counsel are frivolous,
 
 
 6
 For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Both the Anders brief filed by counsel and the response filed by Williams raise a related potential issue: that Williams's trial counsel was ineffective. Counsel contends that although Williams may have a non-frivolous ineffective-assistance claim, it cannot be properly advanced on direct appeal because it depends on matters outside the record. Williams does not dispute this, and our perusal of the record supports counsel's assessment. Unless ineffective assistance claims are adequately developed in the trial record, this court declines to review them on direct appeal, finding them better raised in collateral review proceedings. United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997)