**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT L. GROSE,

    Defendant - Appellant.

No. 01-1015

(D. Colorado)

(D.C. No. 00-CR-10-D)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , Circuit Judge, and   **McWILLIAMS**   and **ANDERSON** , Senior Circuit Judges.

On January 11, 2000, Robert L. Grose was indicted and charged with (i) conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and §§ 841 (a)(1) and (b)(1)(A), (ii) possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, and (iii) possession

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with intent to distribute in excess of 3 grams of crack cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and 18 U.S.C. § 2. As relevant here, on March 23, 2000, a jury convicted Mr. Grose on all three drug trafficking counts.[1]

On December 20, 2000, the district court imposed the minimum sentence applicable to the drug trafficking convictions: three concurrent sentences of sixty-three months each and five years of supervised release.[2] See 21 U.S.C. § 841(b)(1)(B) (five-year mandatory minimum) and U.S.S.G. §§2D1.1(a)(3), 2D1.1(c) and 4A1.1 (base offense level of 26 and criminal history Category I, requiring a sentencing range of 63-78 months). The court did not impose any fines.

At the sentencing hearing, Mr. Grose tendered to the court his written *pro se* motion and brief for substitution of counsel, seeking to discharge appointed counsel who represented him throughout the trial, was successful in continuing the sentencing proceedings for further investigation and preparation, and was present and well-prepared at the sentencing hearing. The district court received the *pro se* motion but refused to consider it on the ground that it violated the rule

---

[1]Mr. Grose was also charged and convicted of forfeiture pursuant to 21 U.S.C. § 853. See Indictment, R. Vol. I, Doc. 1.

[2]More accurately, consistent with applicable statutory requirements, the district court sentenced Mr. Grose to "supervised release for a term of five years on each of counts one and two and three years on count three, all to be served concurrently." Tr. of Sentencing Proceedings at 34, R. Suppl. Vol. I.

against hybrid representation. Tr. of Sentencing Proceedings at 2-3, R. Suppl. Vol. I. In its written order, the court both denied and struck the motion. Sentencing Minutes at 3, R. Vol. I, Doc. 99.

On appeal, Mr. Grose, through court-appointed appellate counsel, does not contest his conviction. Furthermore, he does not seek to have his sentence vacated or to be resentenced. He specifically states that "[t]he only relief sought is <u>not resentencing</u>, but <u>only</u> a remand for purposes of an inquiry into Mr. Grose's motion for substitute counsel." <u>See</u> Sept. 14, 2001, Ltr. from Asst. Fed. Pub. Defender to Clerk of Ct., Tenth Cir. Ct. of App., R. Suppl. Auth. (emphasis in original). As such, Mr. Grose's sole complaint on appeal is that the district court erroneously failed to consider his *pro se* motion for substitution of counsel by improperly invoking the rule against hybrid representation.

Defense counsel is correct in the assertion that the district court must at least consider a *pro se* motion seeking relief from representation by counsel and the appointment of new counsel, and that the rule against hybrid representation does not generally apply to such limited *pro se* motions. Indeed, such motions may be the only means of revealing that defense representation has, for all practical purposes, ceased to exist, as, for example, where counsel has become physically or mentally impaired. Nonetheless, Mr. Grose's appeal must be dismissed because neither the conviction nor the sentence is challenged, and thus

this court is not being asked to give, nor can it grant, any meaningful or effectual relief.[3] See, e.g., Western Pac. Airlines, Inc. v. Smith Mgmt. (In re Western Pac. Airlines, Inc.), 181 F.3d 1191, 1195 (10th Cir. 1999) (holding that an "appeal is moot if the court can fashion no meaningful relief"); In re O.J. Osborn, 24 F.3d 1199, 1203 (10th Cir. 1994) (noting that appeal must be dismissed where it is "impossible for the court to 'grant any effectual relief whatever'") (quoting Church of Scientology of Calif. v. United States, 509 U.S. 9 (1992)).[4]

Alternatively, upon a *de novo* review of the record, we conclude that the district court's failure to review and make findings regarding Mr. Grose's *pro se* motion did not result in any prejudice in this case sufficient to support a remand. See, e.g., United States v. Zillges, 978 F.2d 369, 372 (7th Cir. 1992) (holding that "[t]he denial of a motion for substitution of counsel will be upheld ... if the district court's error was harmless"). Among other things, the sentence imposed

[3]Counsel does not even suggest that meaningful relief is visible down some trail of multiple speculations where, on remand, the district court may appoint new counsel, who may mount some sentencing argument, which may induce the district court to depart downward from the statute and guidelines.

[4]"While the question of mootness was not briefed or argued in this case, we must consider this issue *sua sponte* as it implicates our jurisdiction." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1347 n. 1 (10th Cir. 1994).

was the minimum applicable to the convicted offenses, and the conviction itself is not appealed. [5]

The sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[5]This holding, of course, does not preclude Mr. Grose from pursuing, in proceedings under 28 U.S.C. § 2255, collateral claims he may have based on any alleged ineffective assistance of counsel.