No. 2--03--0271               

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit

ILLINOIS, ) Court of Du Page County.

)

Plaintiff-Appellee, )

)

) No. 01--CF--1695

)          

) Honorable

KENNETH L. OGUREK, ) Mark W. Dwyer and

) Michael J. Burke,

Defendant-Appellant. ) Judges, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

Following a jury trial in the circuit court of Du Page County, defendant, Kenneth L. Ogurek, was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1 (West 2000)).  He was sentenced to imprisonment for the term of his natural life.  Defendant now appeals, alleging two errors regarding his sixth amendment right to counsel.  U.S. Const., amends. VI, XIV.  For the reasons that follow, we reject both contentions and affirm.

I. BACKGROUND

On June 15, 2001, the Du Page County Public Defender's office was appointed to represent defendant.  At the initial stages of the proceedings, defendant was represented by Harriet Gustafson of that office.  Soon thereafter, a disagreement developed between defendant and Gustafson.  On October 23, 2001, defendant informed the court that he wished to represent himself, and the public defender's office was given leave to withdraw on defendant's request.  Defendant did not receive the admonitions required by Supreme Court Rule 401(a) on that date.  134 Ill. 2d R. 401(a).  However, two days later, the trial judge had defendant returned to court to receive those admonitions and to ensure that defendant really wished to waive his right to counsel.  The trial court questioned defendant extensively regarding his understanding of the role of an attorney in a criminal trial.  The admonitions provided by the trial court at this time far exceeded those required by Rule 401(a).  Defendant stated that he would like to make his decision as to how to proceed at a hearing that was scheduled to take place a week later; however, he stated that as of then, he was giving up his right to counsel.  The trial judge stated that he would again ask defendant regarding his wishes at the next hearing.

Approximately one week later, on October 31, 2001, the court inquired as to whether defendant still wanted to waive his right to counsel.  Defendant stated that he wanted a public defender other than Gustafson.  The court responded that defendant could not choose appointed counsel.  The court then instructed defendant to prepare a motion regarding his desire to have a different public defender, which the court would consider at a subsequent hearing.  At a November 15 hearing, the trial court began the proceeding with the statement, "For the record, Mr. Ogurek has elected to represent himself."  The subject was not addressed further at this hearing.  Defendant did not file the motion for substitution of counsel as invited by the trial court.  

The parties convened again on December 12, 2001.  At the beginning of the hearing, the trial court stated that "we passed this case from time to time and continued this from time to time so you could make the determination as to whether or not you were going to represent yourself, and you've told me this is what you wish to do, and then I continued it on this last date for status for you to file motions."  Defendant replied, "Okay."  Defendant then made two motions, including a motion to reduce bond.

On December 17, a hearing was held on defendant's motions.  The court queried, "Mr. Ogurek, you are representing yourself, correct?"  Defendant answered, "At this time, yeah."  Regarding his bond motion, defendant argued that he wanted his bond reduced so that he could hire a private attorney.  The motion was denied.  On January 9, 2002, a status hearing was held.  During this hearing, defendant filed a motion to suppress his confession and a motion for a change of venue.  Additionally, on March 6, 2002, defendant moved to dismiss the indictment.

Another hearing was held on March 27, 2002.  The State filed motions to dismiss defendant's motions, alleging that he had not followed proper procedure in any of them.  The court appointed Ricky Holman as standby counsel to assist defendant in the preparation of his motions and other procedural matters.  On May 1, 2002, defendant filed two additional motions. 

Following a number of intervening hearings, pretrial hearings were held on August 26, 2002, and August 27, 2002.  During these hearings, the trial court granted the State's motion to introduce uncharged acts of sexual abuse allegedly committed by defendant.  Defendant withdrew a motion to suppress statements.  The court granted a motion by the State to allow certain extrajudicial statements under section 115--10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115--10 (West 2002)).  Additionally, the court rejected defendant's attempt to introduce certain evidence pertaining to the victim's alleged sexual history.

The parties reconvened the next day for trial.  Prior to the arrival of the prospective jurors, defendant requested that standby counsel be allowed either to help him or to take over the case.  Defendant cited his lack of success over the past two days as the motivation for his request.  The trial judge cautioned defendant that if he were to appoint anyone, it would be the public defender, which might mean that Gustafson would be reassigned to the case.  The judge asked Holman if he was prepared to try the case, and Holman stated that he was not.  The trial court then denied defendant's request to have Holman take over the case.  Shortly thereafter, the parties revisited the subject.  The court asked defendant whether, knowing it could possibly be Gustafson, defendant wanted counsel to be reappointed.  Defendant replied that he did not, because he did not wish Gustafson to represent him.  The trial court then ruled that defendant was not seeking the reappointment of counsel; rather, he sought the appointment of counsel of his choice.  Noting that a defendant is not entitled to have counsel of his choice appointed, the court again denied defendant's request.  Finally, the court inquired as to whether defendant was prepared to represent himself, with Holman acting as standby counsel.  Defendant answered affirmatively.  The case then proceeded to trial, and defendant was convicted and sentenced to natural-life imprisonment.

II. ANALYSIS

Defendant now appeals, raising two issues related to his right to counsel.  U.S. Const., amends. VI, XIV.  First, relying primarily on case law from outside of this jurisdiction, he contends that the trial judge had an obligation to conduct an inquiry into the nature of his dissatisfaction with appointed counsel after defendant expressed this dissatisfaction to the court.  Second, he argues that, by appointing standby counsel, the trial court revoked his waiver of his right to counsel.

Before proceeding further, we note that defendant acknowledges that neither issue was properly preserved for appellate review.  See 
People v. Enoch
, 122 Ill. 2d 176, 187-88 (1988).  He requests that we address both as plain error.  See 
People v. Knight
, 323 Ill. App. 3d 1117, 1125 (2001).  Plain error review is appropriate where either an alleged error concerns the deprivation of a fundamental right or the evidence in the case is closely balanced.  
People v. Caruth
, 322 Ill. App. 3d 226, 228-29  (2001).  Defendant correctly asserts that the right to counsel is a fundamental right.  See 
People v. Robertson
, 181 Ill. App. 3d 760, 763 (1989).  Accordingly, we will proceed to the merits of defendant's arguments.

Both arguments raise points of law.  The first concerns what the obligation of a trial court is when confronted with a defendant who expresses dissatisfaction with appointed counsel.  The second regards the legal effect of the trial court's appointment of standby counsel on defendant's waiver of his right to counsel.  Therefore, review is 
de novo
.  
People v. Johnson
, 352 Ill. App. 3d 442, 444 (2004).

A. The Obligation of the Trial Court

A criminal defendant has the absolute right to the effective assistance of counsel.  
People v. Hamilton
, 195 Ill. App. 3d 391, 392 (1990).  A defendant has the correlative right to 
employ
 counsel of his or her own choosing.  
People v. Crowe
, 327 Ill. App. 3d 930, 935 (2002).  However, an indigent defendant generally does not have the right to select counsel who will be appointed for him or her.  
People v. Wanke
, 303 Ill. App. 3d 772, 782 (1999); 
People v. Sylvester
, 71 Ill. App. 3d 130, 132 (1979).  Instead, an indigent defendant wishing to have counsel appointed may object to the particular attorney appointed, upon a showing of good cause.  
People v. Royark
, 215 Ill. App. 3d 255, 266 (1991).  At issue here is the extent of the trial court's obligation to determine whether good cause exists.

We do note that defendant does not seriously argue that his waiver of the right to counsel was invalid.  In his second argument, he does briefly point out that "an argument can be made" that he never unequivocally waived his right to counsel.  This observation is two sentences long and is largely undeveloped.  Any argument regarding this point is therefore waived.  
Obert v. Saville
, 253 Ill. App. 3d 677, 682 (1993) ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill. 2d R. 341(e)(7)), and it is not a repository into which an appellant may foist the burden of argument and research").  For the purposes of resolving this issue, we will assume that defendant validly waived his right to counsel. Defendant did, however, express his dissatisfaction with Gustafson to the trial court prior to this waiver.

Defendant relies on a line of cases, decided by the federal courts, that hold that a trial judge has, in certain circumstances, a duty to inquire when an indigent defendant complains about the performance of appointed counsel.  See, 
e.g.
, 
Bland v. California Department of Corrections
, 20 F.3d 1469 (9th Cir. 1994); 
United States v. Zillges
, 978 F.2d 369 (7th Cir. 1992).  This line of cases has not been adopted by this state; however, it has been acknowledged by our supreme court and by this court.  See 
People v. Howery
, 178 Ill. 2d 1, 49-50 (1997); 
Wanke
, 303 Ill. App. 3d at 783.  We express no opinion as to whether such cases represent the law in this state.  Moreover, we do not find this point significant in this case, for, assuming that some such rule applied, it would not sustain a claim of error here.

In 
Bland
, the Court of Appeals for the Ninth Circuit appeared to announce a 
per se
 rule that the failure to inquire into the basis for a defendant's dissatisfaction with counsel constitutes reversible error.  
Bland
, 20 F.3d at 1475.  
In 
Schell v. Witek
, 218 F.3d 1017, 1026-27 (9th Cir. 2000), a case involving appointed counsel, the Ninth Circuit limited this rule, holding that the issue is whether any conflict between a defendant and appointed counsel was of sufficient magnitude so as to infringe upon the defendant's sixth amendment right to counsel.  Put differently, the relevant inquiry is whether the conflict resulted in counsel being ineffective.  Also, In 
Bland
, the Ninth Circuit made clear that such errors are subject to a harmless-error analysis.  Indeed, 
Zillges
, 978 F.2d at 372, expressly holds that a court's "failure to conduct a sufficient inquiry into a substitution motion does not constitute reversible error unless it resulted in a denial of this Sixth Amendment right."  See also 
State v. Davlin
, 265 Neb. 386, 402-03, 658 N.W.2d 1, 14 (2003).  To determine whether an error of this sort is harmless, the 
Zillges
 court applied the familiar standard first set forth in 
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), that requires a defendant to show a reasonable probability that counsel's performance affected the trial's outcome.  
Zillges
, 978 F.2d at 373.

Initially, if we were to apply the rule in 
Zillges
 to this case, we would reject defendant's argument because he neither attempts to nor can show prejudice.  Defendant points to his own lack of success with his pretrial motions; however, he never attempts to tie this ineptitude to the prejudice standard set forth in 
Zillges
.  More fundamentally, as noted above, defendant does not seriously contest, and therefore has waived, any challenge to the validity of his waiver of his right to counsel.  
Having waived this right, defendant cannot now complain about any infringement upon it.

We further note that the trial court did instruct defendant to put his reasons for requesting different counsel in writing and to submit them to the court as a motion.  Defendant did in fact file numerous motions in this case, so it does not appear that his failure to follow the trial court's instruction was due to a lack of knowledge or ability regarding how to comply.  Defendant contends that 
Zillges
 contemplates an oral, testimonial inquiry by the trial court.  See 
Zillges
, 978 F.2d at 371-72.  Undeniably, there is language in 
Zillges
 that suggests that testimony might be necessary in certain circumstances.  However, there is also language that suggests that other procedures could suffice.  
For example, the court stated, "Given the lack of detail in Zillges's complaint, the absence of a more thorough inquiry by the district court constitutes an abuse of discretion."  
Zillges
, 978 F.2d 372.  Under certain circumstances, then, a lesser inquiry could be satisfactory.  Since defendant was representing himself and did show an ability to file several motions, we see no error in the trial court instructing defendant to proceed in this manner regarding his desire for a different appointed attorney.  Defendant did not avail himself of this opportunity.

In sum, defendant has made no attempt to establish that he was prejudiced by the trial court's alleged failure to inquire into his desire for substitute counsel, and it is unlikely that he could.  Moreover, defendant failed to take advantage of the trial court's invitation to pursue the issue through a written motion, despite filing numerous motions on other issues.  Most fundamentally, we note that 
Zillges
 and cases like it have not been adopted in this state.  For all of these reasons, we reject defendant's claim of error on this point.

B. The Alleged Revocation of Defendant's Waiver of His Right to Counsel

Defendant next argues that the trial court's appointment of standby counsel for him amounted to a 
de facto
 revocation of his waiver of his right to counsel.  Defendant's reasoning can be summarized as follows.  Defendant first notes that either one waives one's right to counsel or one does not.  
People v. Graves
, 134 Ill. App. 3d 473, 478 (1984).  In Illinois, a defendant must be admonished pursuant to Supreme Court Rule 401(a) prior to waiving the right to counsel.  134 Ill. 2d R. 401(a).  Defendant asserts that where standby counsel is appointed, Rule 401(a) admonitions are not required.  See 
People v. Vaughn
, 116 Ill. App. 3d 193, 197 (1983); 
People v. Pittman
, 75 Ill. App. 3d 683, 687-88 (1979).  But see 
People v. Derra
, 92 Ill. App. 3d 1106, 1110 (1981).  Defendant reasons that, since admonishments are not required when standby counsel is appointed, the right to counsel must not be waived when standby counsel is appointed.  Therefore, according to defendant, the trial court revoked his earlier waiver of the right to counsel when it later appointed standby counsel.  Defendant then concludes that since he had not waived his right to counsel, his request made just prior to trial that standby counsel take over the case should have been honored.

We do not believe that, under the circumstances of this case, the trial court's appointment of standby counsel, 
sua sponte
, could have worked a revocation of defendant's waiver of his right to counsel.  First, we note that defendant did validly waive his right to counsel.  Just as the right to counsel is fundamental, the right to represent oneself is of equal dignity.  
People v. Simpson
, 204 Ill. 2d 536, 573 (2001).  Thus, the trial court could not have revoked defendant's waiver without his consent, and there is no indication that defendant consented to such a revocation.  It was not until the morning of trial that defendant expressed a desire to relinquish control of the case.  His desire was qualified, however, and the trial court properly rejected it.

Defendant's attempt to get Holman to take over the case did not amount to an attempted revocation of his waiver of his right to counsel.  Read in isolation, it might appear as such; however, read in the context of the entire proceeding at which this request was made, it clearly was not.  Just before 
voir dire
, defendant, citing his lack of success with pretrial motions, asked for "Ricky Holman to help me or to take over this case."  In response, the trial court first noted that defendant had been extensively admonished regarding his decision to waive his right to counsel.  Then, the judge warned defendant that if he were to reappoint counsel, it would be the Public Defender's office, which meant that it could be Gustafson.  The court inquired, and Holman stated that he was not prepared to try the case.  The trial court then denied defendant's motion to have Holman take over the case, noting that it was untimely.

Shortly thereafter, the trial court revisited the issue.  The court inquired as to whether defendant was requesting the reappointment of counsel.  The court again stated that it would be the Public Defender's office and could be Gustafson.  Defendant replied that he did not wish counsel reappointed if it might turn out to be Gustafson.  The trial court then held that defendant's request was improper, as he was not simply requesting that counsel be appointed, but he was also trying to choose appointed counsel.

Initially, we agree with the trial court that defendant's request was untimely.  Defendant's request was not made until almost literally the last possible moment before the commencement of trial.  Holman, who had expected to act as standby counsel, was understandably not prepared to assume control of the case.  No other attorney would have been prepared to proceed.  Defendant's request surely would have delayed the trial.  Such a request is clearly untimely.  See 
People v. Friedman
, 79 Ill. 2d 341, 348 (1980).  In short, defendant was in a predicament of his own making.  After being more than fully admonished regarding his decision to proceed 
pro se
, defendant chose to do so.  Having been allowed to proceed as he wished, he created the situation where no attorney, including Holman, was in a position to try the case.  It was not incumbent on the trial court to accommodate defendant by delaying the trial after he came to regret his exercise of his right to proceed in this manner.

Furthermore, defendant did not simply request that counsel be reappointed; he specifically requested that Holman be allowed to take over the case.  When the court informed defendant that if counsel were to be reappointed, it would be the Public Defender's office and possibly Gustafson, defendant declined the request because he did not wish Gustafson to represent him.  Thus, defendant made a specific request that one attorney be appointed for him and a second request that another attorney not be appointed for him.  Defendant now argues that seeking the appointment of anyone but Gustafson is not tantamount to choosing counsel.  We disagree.  Seeking to exclude an attorney from being appointed is just as much an attempt to control who will be appointed as is seeking a particular attorney.  A defendant does not have a right to choose appointed counsel.  
People v. DeRossett
, 262 Ill. App. 3d 541, 543-44 (1994); 
People v. Baker
, 101 Ill. App. 3d 1114, 1118 (1981).  On this ground, too, we find that the trial court properly denied defendant's request.

III. CONCLUSION

In light of the foregoing, we find no infringement upon defendant's right to counsel.  The judgment of the circuit court of Du Page County is therefore affirmed.

Affirmed.

HUTCHINSON and CALLUM, JJ., concur.