2020 IL App (2d) 190039-U
Nos. 2-19-0039 & 2-19-0421 cons.
Order filed December 7, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01-CF-1695 |
| KENNETH L. OGUREK, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1  *Held*: Remand was necessary for the trial court to clarify whether it recharacterized defendant's *pro se* "motion for a prison time cut" as a successive postconviction petition and thus triggered the court's duty to allow defendant to amend the petition or withdraw it.

¶ 2  Defendant, Kenneth L. Ogurek, appeals the trial court's order dismissing his *pro se* "motion for a prison time cut," in connection with his sentence of natural life for two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1),(b)(2) (West 2000)).  He contends that the trial court recharacterized his motion as a successive postconviction petition

without notice and without allowing him to amend or withdraw the pleading. We vacate and remand.

¶ 3                                             I. BACKGROUND

¶ 4     Defendant was charged in 2001 and proceeded *pro se* at his jury trial. He was convicted and sentenced to natural life based on a previous conviction of a similar offense. We affirmed. *People v. Ogurek*, 356 Ill. App. 3d 429 (2005). In December 2006, defendant filed a postconviction petition. The trial court summarily dismissed it, and we reversed and remanded for second-stage proceedings. *People v. Ogurek*, No. 2-07-0397 (2009) (unpublished order under Illinois Supreme Court Rule 23). On remand, the trial court granted the State's motion to dismiss, and we affirmed. *People v. Ogurek*, 2015 IL App (2d) 130641-U.

¶ 5     On September 27, 2018, defendant filed a *pro se* "motion for prison time cut," stating that (1) his sentence should have been 6 to 30 years' incarceration; (2) he had no prior charges of predatory criminal sexual assault; (3) he should not have represented himself; (4) he was never offered a plea bargain; (5) he had taken Bible study and held jobs in prison; and (6) he had developed asthma and high blood pressure. He also indicated that the trial court acted improperly or was biased against him because he chose to proceed *pro se* at trial. He then asked for a "time cut" of "normal time" or time served.

¶ 6     On October 10, 2018, the trial court addressed the matter and stated:

          "Okay. The record will reflect I've read the correspondence from [defendant]. ***
     At least at this point, I'm going to read it as a postconviction petition. I will review it. I
     don't know from the face of things whether there's been any previous postconviction
     petitions. His complaint and this correspondence is difficult to interpret given the rather
     crude nature of his complaints.

So I will continue this to a future date to give me time to review the file more completely than I've been able to do in the last five minutes."

¶ 7    On December 14, 2018, the State told the court that it believed that the court lacked jurisdiction over the matter. The court then stated:

"I put a note on here that I had read it; and I was going to dismiss successive post-conviction petition; and it's a reconsideration [of] sentencing for which I don't have jurisdiction.

I don't think it's a post-conviction petition. And if it was, there are successive post-conviction petitions for which the Court—I believe the defendant has not sought or been granted leave to file and it doesn't raise any constitutional issues in the first instance.

So without further ado, draft an order indicating the Court, considering the request—it's a successive post-conviction petition, if it's to be considered as such, which I don't believe it really is in meeting the criteria for that—the Court doesn't have any jurisdiction to reconsider the sentence and the petition or motion, depending on how you want to characterize it, is dismissed."

The court's written order stated: "The court considering defendant's request as a successive post conviction petition finds that it has no jurisdiction to reconsider sentence; defendant's motion is dismissed." The docket entry for that date stated "motion/petition stricken or dismissed."

¶ 8    On January 14, 2019, defendant filed a *pro se* notice of appeal but failed to include the judgment date or nature of the order appealed. The appeal was docketed as No. 2-19-0039. On May 21, 2019, the court found that defendant had filed a timely notice of appeal and appointed appellate counsel. The court reviewed the history of the matter, stating that it previously continued the matter in October 2018 with a question as to whether there was a postconviction petition. The

court then stated, "Apparently, on [December 14], I determined there was and I dismissed it." The court also stated, "I dismissed it because it was a successive post-conviction petition without leave of court, right? I think that's what it—." The State did not disagree or clarify the court's recollection of its characterization of the pleading.

¶ 9    On May 22, 2019, the circuit court clerk filed a notice of appeal from the December 14, 2018, order which was docketed as No. 2-19-0421. Defendant moved to consolidate and to treat the May 22, 2019, notice of appeal as an amended notice of appeal. We consolidated the appeals and took with the case the motion to consider the May 22, 2019 notice of appeal as an amended notice.

¶ 10                                    II. ANALYSIS

¶ 11    We first address the notice of appeal. The State agrees that we should treat the May 22, 2019, notice of appeal as an amended notice. Defendant's motion concerning the May 2019 notice of appeal was filed within the time allowed for a late notice of appeal. See Ill. S. Ct. R. 606(c) (eff. July 1, 2017). Accordingly, we grant the motion and consider the merits of the appeal.

¶ 12    Defendant contends that the trial court erred by recharacterizing his pleading as a postconviction petition without notice and without allowing him to amend or withdraw the pleading as required by *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and *People v. Pearson*, 216 Ill. 2d 58 (2005). The State disagrees with defendant's account of the trial court's actions.

¶ 13    "[W]here a *pro se* pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition, even where the pleading is labeled differently." *Shellstrom*, 216 Ill. 2d at 53. However, under *Shellstrom*, when a court recharacterizes a *pro se* pleading as an initial postconviction petition, the court must first do the following:

"(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition." *Id.* at 57.

These admonishments help ensure that a defendant raises all applicable claims in the recharacterized postconviction petition. Successive postconviction petitions are barred absent a showing of cause for failing to bring the claims earlier and prejudice resulting from that failure. *Id.* at 56. See 725 ILCS 5/122-1(f) (West 2018).

¶ 14    In *Pearson*, 216 Ill. 2d at 68, our supreme court held that the rationale of *Shellstrom* also applies when a trial court recharacterizes a petition as a *successive* postconviction petition. In this situation, admonishments are necessary to warn a defendant that his or her recharacterized petition will be subject to the cause-and-prejudice test for claims that were not brought in the initial postconviction petition. *Id.* at 68-69. Further, we have held that the requirements of *Shellstrom* apply even where the trial court recharacterizes, as a postconviction petition, a *pro se* pleading over which the court would lack jurisdiction if it accepted the defendant's own characterization. See *People v. Corredor*, 399 Ill. App. 3d 804, 808-09 (2010) (citing *People v. Swamynathan*, 236 Ill. 2d 103, 112 (2010)). We have also held that a harmless error analysis does not apply to the omission of *Shellstrom* warnings. *People v. Caliendo*, 391 Ill. App. 3d 847, 852 (2009).

¶ 15    The State argues that the trial court's primary reason for dismissing defendant's pleading was that the pleading was, consistent with its label, a motion to reduce sentence and, therefore (in the court's view), the court lacked jurisdiction. Thus, because the court's recharacterization of the

pleading as a postconviction petition was but a secondary, independent rationale for dismissing the pleading, the court was not required to warn defendant pursuant to *Shellstrom* and *Pearson.*

¶ 16    In our view, it is unclear from the record whether the trial court's recharacterization of the pleading as a postconviction petition was its primary or secondary rationale for dismissing the pleading.

¶ 17    In our effort to discern the trial court's intent, we compare its written judgment with its oral pronouncements. The following principles guide our inquiry:

>    "It is the oral pronouncement of the judge which is the judgment of the court. The written order *** is merely evidence of the judgment of the court. [Citation.] When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls. [Citations.] However, often apparent inconsistencies may be resolved by examining the record as a whole to determine whether the written order expresses the intent of the judge's oral pronouncement, or conforms to the oral pronouncement's sense and meaning but is merely set forth with greater specificity. Where looking at the record as a whole, if the written order is *not* inconsistent with the intent, sense and meaning of the circuit court's oral pronouncement, the written order will be enforced.

>    When the written order of judgment is arguably inconsistent with an oral pronouncement of the court in rendering a judgment, but is consistent with the court's intent in rendering the judgment, the written order will be enforced." (Emphasis in original.) *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993).

¶ 18    We begin with the trial court's written order of December 14, 2018, which stated: "The court considering defendant's request as a successive post conviction petition finds that it has no

jurisdiction to reconsider sentence; defendant's motion is dismissed." Contrary to the State's position, no suggestion of alternative rationales appears in this language. The court's relevant oral pronouncements were made at the December 14 hearing and later on May 21, 2019. At the December 14 hearing, the court remarked that it had placed a note on the file that it "was going to dismiss successive post-conviction petition; and it's a reconsideration [of] sentencing for which I don't have jurisdiction." The court then commented unequivocally that it did not believe that the pleading was a postconviction petition, apparently concluding as such because the pleading did not raise a constitutional issue. After this comment, however, the court directed the State to draft an order stating that *if* the pleading "[was] to be considered as" a postconviction petition, then the court "doesn't have any jurisdiction to reconsider the sentence and the petition or motion, depending on how you want to characterize it, is dismissed." As noted, however, the resulting written order suggested not alternative characterizations of the pleading but rather a single characterization as a postconviction petition. The docket entry for December 14 stated that the "motion/petition" was "stricken or dismissed," but the entry provided no rationale. Several months later, on May 21, 2019, the court somewhat tentatively recalled that it had characterized the pleading as a successive postconviction petition. The State did not challenge the court's recollection.

¶ 19 We conclude that the trial court's oral and written pronouncements together leave it unclear whether the court recharacterized the pleading as a postconviction petition. The court's December 14 order was ambiguous; the court remarked that it was "considering defendant's request as a successive post conviction petition," yet the court's stated basis for dismissal was lack of "jurisdiction," not preclusion (see 725 ILCS 5/122-1(f) (West 2018)). The court's oral pronouncements did not clarify its intent. At the beginning of its remarks on December 14, the

court disavowed its prior intent to dismiss the pleading as a postconviction petition. Yet, despite the apparent firmness of its present belief that the pleading was *not* a postconviction petition, the court directed the State to draft an order stating that, no matter how the pleading was characterized, dismissal was warranted. However, the written order mentioned only one characterization (postconviction petition), yet as noted, the basis for dismissal (lack of jurisdiction) did not appear to match that characterization. Months later, the trial court recalled that it had characterized the pleading as a postconviction petition. Thus, contrary to the State's position, the record is unclear which of the court's referenced rationales for dismissal was primary and which was secondary. The court might have dismissed the petition primarily because it was a motion to reduce sentence, but it is equally possible that the court dismissed the petition primarily because it was a successive postconviction petition.

¶ 20    The State argues that the trial court must not have recharacterized the pleading as a postconviction petition or it would not have dismissed the pleading for lack of jurisdiction. We recognize that it would be incongruous to dismiss a successive postconviction petition for lack of jurisdiction. Nonetheless, the record as a whole leaves unclear the grounds on which the trial court dismissed defendant's pleading. Given the state of the record, the appropriate action is to vacate the dismissal and remand for the court to clarify whether it recharacterized the pleading as a postconviction petition  If the court clarifies that it did recharacterize the pleading as a postconviction petition, then the court must provide defendant the proper notice and admonitions required by *Shellstrom* and *Pearson* and allow him to withdraw the pleading or amend it. See *People v. Stewart*, 2018 IL App (3d) 160408, ¶¶ 20, 22 (remanding for *Shellstrom* admonitions when the trial court's actions were ambiguous).

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Du Page County is vacated and the cause remanded for further proceedings.

¶ 23    Vacated and remanded.